**FITZGERALD JOSEPH LLP**
JACK FITZGERALD (SBN 257370)
*jack@fitzgeraldjoseph.com*
PAUL K. JOSEPH (SBN 287057)
*paul@fitzgeraldjoseph.com*
MELANIE PERSINGER (SBN 275423)
*melanie@fitzgeraldjoseph.com*
TREVOR M. FLYNN (SBN 253362)
*trevor@fitzgeraldjoseph.com*
2341 Jefferson Street, Suite 200
San Diego, CA 92110
Phone: (619) 215-1741

**JACKSON & FOSTER LLC**
SIDNEY W. JACKSON, III (*pro hac vice* application to be submitted)
*sid@jacksonfosterlaw.com*
CHRISTIAN HARBEN (*pro hac vice* application to be submitted)
*christian@jacksonfosterlaw.com*
75 St. Michael Street
Mobile, Alabama 36602
Phone: (251) 433-6699

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA KENNARD, on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>KELLOGG SALES COMPANY,<br><br>Defendant. | Case No: 21-cv-7211<br><br>CLASS ACTION<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**CAL. CIV. CODE §§ 1750 *ET SEQ*.;**<br><br>**CAL. BUS. & PROF. CODE §§17500 *ET SEQ*.;**<br><br>**CAL. BUS. & PROF. CODE §§17200 *ET SEQ*.; AND**<br><br>**FOR BREACH OF EXPRESS & IMPLIED WARRANTIES.**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Angela Kennard, on behalf of herself, all others similarly situated, and the general public, by and through her undersigned counsel, brings this action against Kellogg Sales Company ("Kellogg"), and alleges the following upon her own personal knowledge or, where she lacks personal knowledge, upon information and belief, including the investigation of her counsel.

## SUMMARY OF CASE

1. Kellogg is the manufacturer and seller of Morningstar Farms "VEGGIE" products, including different varieties of "VEGGIE BURGERS," "VEGGIE DOGS," "VEGGIE CHIK'N," "VEGGIE MEAL STARTERS," "VEGGITIZERS," and "VEGGIE BREAKFAST" (the "Veggie Products").

2. Kellogg prominently represents that the Veggie Products are "VEGGIE," but this representation is false or at least highly misleading because the predominant non-water ingredient in all of the Veggie Products is not vegetables—or even vegetable-based—but instead, grain or oil.

3. Plaintiff brings this action to enjoin Kellogg from continuing to falsely advertise the Veggie Products in this manner, and to recover restitution and damages for herself and other purchasers.

## JURISDICTION & VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act, because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, and at least one member of the class of plaintiffs is a citizen of a state different from Kellogg. In addition, more than two-thirds of the members of the class reside in states other than the state in which Kellogg is a citizen and in which this case is filed, and therefore any exceptions to jurisdiction under 28 U.S.C. § 1332(d) do not apply.

5. The Court has personal jurisdiction over Kellogg pursuant to Cal. Code Civ. P. § 410.10, as a result of Kellogg's substantial, continuous and systematic contacts with the state and because Kellogg has purposely availed itself of the benefits and privileges of conducting business activities within the state.

6. Venue is proper in this Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c), because Kellogg resides (*i.e.*, is subject to personal jurisdiction) in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

**INTRADISTRICT ASSIGNMENT**

7. This civil action arises out of acts and omissions of Kellogg that occurred in San Francisco County. Accordingly, pursuant to Civil Local Rule 3-2(c), (d), this action is correctly assigned to either the San Francisco or Oakland Division.

**PARTIES**

8. Plaintiff Angela Kennard is a resident of San Francisco, California.

9. Defendant Kellogg Sales Company is a Delaware corporation with its principal place of business in Battle Creek, Michigan.

**FACTS**

**I.    The Veggie Products Bear Misleading "VEGGIE" Claims**

10. Over the last decade, as many consumers have reduced or ceased their meat consumption, food manufacturers have introduced a variety of plant-based, meat-alternative products to the market, which can be made from a variety of primary ingredients, such as beans (e.g., black-bean burger), tofu, grains, and vegetables.

11. Manufacturers of meat-alternative foods typically call out the primary ingredient to help consumers distinguish and choose among different options. Consumers understand ingredient call-outs in product names for meat-alternatives to comprise the product's primary ingredient; for example, consumers understand a product marketed as a "bean-burger" to be made primarily from beans, and a "tofurkey" dog to be made primarily from tofu.

12. Accordingly, reasonable consumers understand and expect that products marketed as "veggie" are made from vegetables, rather than beans or other legumes, grains, tofu, oil, or anything else.[1]

13. Kellogg manufactures, markets, and sells the following MorningStar brand Veggie Products, which are the subject of this lawsuit:

MorningStar Farms Veggie Burgers:

• Grillers Prime Burgers
• Grillers Originals

---

[1] Merriam-Webster defines a veggie burger as "a patty chiefly of vegetable-derived protein used as a meat substitute." Merriam-Webster Online Dictionary, *available at* https://www.merriam-webster.com/dictionary/veggie%20burger

       • Meat Lovers
       • Cheezeburger

MorningStar Farms Veggie Dogs:

       • Corn Dogs
       • Veggie Dogs

MorningStar Farms Veggie Chik'n:

       • Chik'n Nuggets
       • BBQ Chik'n Nuggets
       • Zesty Ranch Chik'n Nuggets
       • Sweet Mustard Chik'n Nugget
       • Original Chik Patties
       • Buffalo Chik Patties

MorningStar Farms Veggie Meal Starters:

       • Italian Sausage Style Crumbles
       • Meatballs

MorningStar Farms Veggie Breakfast:

       • Bacon Strips
       • Original Sausage Patties
       • Sausage, Egg, & Cheese
       • Sausage Links
       • Hot & Spicy Sausage Patties
       • Maple Flavored Sausage Patties

MorningStar Farms Veggitizers:

       • Buffalo Wings
       • Parmesan Garlic Wings
       • Popcorn Chik'n
       • Pepperoni Pizza Bites
       • Sausage Pizza Bites
       • Chorizo Nacho Bites
       • Spicy Popcorn Chik'n.

14. The packaging of each of the Veggie Products prominently claims the product is "VEGGIE," in a colorful banner across the front of the package, as shown in the examples below.

  

3

*Kennard v. Kellogg Sales Company*
CLASS ACTION COMPLAINT

15. Contrary to their name and marketing, however—and discounting water—the Veggie Products are primarily made from grain or oil. For example, the first three ingredients in Kellogg's MorningStar Farms' "VEGGIE DOGS" are "Water, wheat gluten, [and] corn syrup solids";[2] the product "Contains 2% or less of" various other ingredients, only some of which are vegetable-based (like "hydrolyzed vegetable protein").

> **Ingredients**
>
> Water, wheat gluten, corn syrup solids. Contains 2% or less of methylcellulose, dextrose, salt, egg whites, natural flavors, brown sugar (sugar, molasses), hydrolyzed vegetable protein (corn protein, soy protein), hydrolyzed corn protein, soy protein isolate, carrageenan, mustard flour, onion powder, maltodextrin, spices, xanthan gum, hydrolyzed soy protein, autolyzed yeast, paprika, garlic powder, soybeans, disodium guanylate, disodium inosinate, hydrolyzed torula and brewers yeast, wheat, gum arabic, hydrolyzed vegetable protein (corn gluten, soy protein, wheat gluten), soybean oil, thiamin hydrochloride, paprika extract for color, autolyzed yeast extract, lactic acid, nonfat milk, red 40, sunflower oil, citric acid, blue 1.

16. Because the predominant ingredient in each of the Veggie Products is grain or oil, Kellogg's representation that the Veggie Products are "VEGGIE" is false or at least highly misleading to the reasonable consumer.

II. **The Veggie Products' Misleading Labeling Violates California & Federal Food Labeling Laws**

17. The Veggie Products' "VEGGIE" labeling violates both federal food labeling laws, and California Health and Safety Code §§109875, *et. seq.* (the "Sherman Law"), which has expressly adopted the federal food labeling requirements as its own. *See*, *e.g.*, *id.* §§ 110100, 110660.

18. First, the challenged "VEGGIE" claims are false and misleading for the reasons described herein, in violation of 21 U.S.C. § 343(a), which deems misbranded any food whose "label is false or misleading in any particular."

19. Second, "[t]he labeling of a food which contains two or more ingredients may be misleading by reason (among other reasons) of the designation of such food in such labeling by a name which includes

---

[2] Corn syrup solids is a dry version of corn-syrup—which is a glucose-based sweetener and does not constitute a vegetable or a vegetable product because it is actually sugar.

4
*Kennard v. Kellogg Sales Company*
CLASS ACTION COMPLAINT

or suggests the name of one or more but not all such ingredients, even though the names of all such ingredients are stated elsewhere in the labeling." 21 C.F.R. § 101.18(b). Kellogg violates this provision in that it designates the Products as "VEGGIE," i.e., vegetable, despite that they are primarily composed of non-vegetable ingredients, like wheat gluten and oil.

20. Third, Kellogg violates 21 C.F.R. § 102.5(b) by using product names that include the term "VEGGIE" while failing to disclose the percentage of vegetables in the products, which have a material bearing on the price and consumer acceptance of the Veggie Products. Specifically, 21 C.F.R. § 102.5(b) requires that a food product's name "include the percentage(s) of any characterizing ingredient(s) or component(s) when the proportion of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance or when the labeling or the appearance of the food may otherwise create an erroneous impression that such ingredient(s) or component(s) is present in an amount greater than is actually the case." 21 C.F.R. § 102.5(b). Kellogg violates 21 C.F.R. § 102.5(b) by failing to include the percentage of vegetables in the Veggie Products because its use of "VEGGIE" in the product names gives the erroneous impression that vegetables are present in a greater amount than is actually the case.

## PLAINTIFF'S PURCHASE, RELIANCE, AND INJURY

21. During the Class Period, Plaintiff Angela Kennard purchased various Veggie Products, including Morning Star Veggie Burger Products, Veggie Breakfast Products, and Veggie Chik'n Products from local stores, including Trader Joe's locations in San Francisco.

22. In purchasing the Veggie Products, Plaintiff read and relied on Kellogg's description of the Products as "VEGGIE." Those representations, however, were false or at least highly misleading, and had the capacity, tendency, and likelihood to confuse or confound Plaintiff and other consumers acting reasonably because, as described herein, the Veggie Products' predominant ingredients are not vegetables or vegetable-based, but grain- or oil-based.

23. The Veggie Products cost more than similar products without misleading labeling, and would have cost less absent the false and misleading statements complained of herein.

24. Absent the false and misleading labeling complained of herein, Plaintiff and other Class members would only have been willing to pay less for the Veggie Products or would not have purchased them at all.

25. By use of its misleading labeling, Kellogg created increased marketplace demand for the Veggie Products, and increased its market share relative to what its demand and share would have been had Kellogg labeled the Veggie Products truthfully.

26. Plaintiff and other Class members lost money as a result of Kellogg's deceptive claims and practices in that they did not receive what they paid for when purchasing the Veggie Products. Plaintiff and other Class members detrimentally altered their position and suffered damages in the amount they overpaid for the Veggie Products.

27. Plaintiff remains in the market for, and interested in purchasing vegetable-based meat-alternative products, and continues to regularly shop at stores where the Veggie Products are sold.

28. Plaintiff would purchase the Veggie Products in the future if she could trust that the "VEGGIE" claims were true and not false or misleading; but absent an injunction, Plaintiff will be unable to trust the representations on the Veggie Products when she encounters them in the marketplace.

29. If Plaintiff could be assured through prospective injunctive relief that the Veggie Products were properly labeled, such that she could rely on similar representations in the future, she would purchase Veggie Products in the future.

30. The continued use of "VEGGIE" on the Veggie Products' labeling also threatens to repeatedly infringe upon the substantive right California's consumer protection statutes give Plaintiff to be free from fraud in the marketplace.

31. Plaintiff's legal remedies are inadequate to prevent these future injuries.

## CLASS ACTION ALLEGATIONS

32. While reserving the right to redefine or amend the class definition prior to or as part of a motion seeking class certification, pursuant to Federal Rule of Civil Procedure 23, Plaintiff seeks to represent a class of all persons who, at any time from four years preceding the date of the filing of this Complaint to the time a class is notified (the "Class Period"), purchased in California, for personal or household use, and not for resale or distribution, any of the Veggie Products (the "Class").

33. The members in the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all Class members in a single action will provide substantial benefits to the parties and Court.

34. Questions of law and fact common to Plaintiff and the Class include:

    a. Whether labeling the Veggie Products as "VEGGIE" is material;

    b. Whether labeling the Veggie Products as "VEGGIE" is false or misleading to the reasonable consumer;

    c. Whether labeling the Veggie Products as "VEGGIE" violates public policy;

    d. Whether labeling the Veggie Products as "VEGGIE" violates state or federal food statutes or regulations;

    e. The proper amount of damages, including punitive damages;

    f. The proper amount of restitution;

    g. The proper scope of injunctive relief; and

    h. The proper amount of attorneys' fees.

35. These common questions of law and fact predominate over questions that affect only individual Class members.

36. Plaintiff's claims are typical of Class members' claims because they are based on the same underlying facts, events, and circumstances relating to Kellogg's conduct. Specifically, all Class members, including Plaintiff, were subjected to the same misleading and deceptive conduct when they purchased the Veggie Products, and suffered economic injury because they paid more for the Veggie Products that were misrepresented in the same manner. Absent Kellogg's practice of deceptively and unlawfully labeling the Veggie Products as "VEGGIE," Plaintiff and other Class members would have paid less for the Veggie Products.

37. Plaintiff will fairly and adequately represent and protect the interests of the Class, has no interests incompatible with the interests of the Class, and has retained counsel competent and experienced in class action litigation, and specifically in litigation involving false and misleading advertising of food products.

38. Class treatment is superior to other options for resolution of the controversy because the relief sought for each Class member is small, such that, absent representative litigation, it would be infeasible for Class members to redress the wrongs done to them.

39. Kellogg has acted on grounds applicable to the Class, thereby making appropriate final injunctive and declaratory relief concerning the Class as a whole.

40. As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3). In addition, it may be appropriate, pursuant to Fed. R. Civ. P. 23(c)(4), to maintain this action as a class action with respect to particular issues.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Violations of the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.***

41. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth fully herein.

42. The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

43. Kellogg's false and misleading labeling and other policies, acts, and practices described herein were designed to, and did, induce the purchase and use of Kellogg's Veggie Products for personal, family, or household purposes by Plaintiff and other Class members, and violated and continue to violate at least the following sections of the CLRA:

   a. § 1770(a)(5): Representing that goods or services have characteristics, ingredients, uses, benefits, or quantities which they do not have;

   b. § 1770(a)(7): Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

   c. § 1770(a)(9): Advertising goods with intent not to sell them as advertised; and

   d. § 1770(a)(16): Representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

44. Kellogg profited from its sales of the falsely, deceptively, and unlawfully advertised Veggie Products to unwary consumers.

45. Kellogg's wrongful business practices regarding the Veggie Products constituted, and constitute, a continuing course of conduct in violation of the CLRA.

46. In compliance with Cal. Civ. Code § 1782, Plaintiff sent written notice to Kellogg of her claims, but Kellogg has failed, after 30 days, to satisfy Plaintiff's demand or to rectify the behavior. Accordingly, Plaintiff, on behalf of herself and the Class, seeks injunctive relief, restitution, statutory damages, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

47. In compliance with Cal. Civ. Code § 1782(d), an affidavit of venue is filed concurrently herewith.

48. Because these claims are subject to a three-year statute of limitations, while Plaintiff's claims for restitution under the UCL are subject to a four-year statute of limitations, and because Plaintiff's claims under the UCL's "unfair" and "unlawful" prongs are subject to different elements and standards, Plaintiff's legal remedies under the CLRA are inadequate to fully compensate Plaintiff and other Class Members for all of Kellogg's challenged behavior.

## SECOND CAUSE OF ACTION

**Violations of the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.***

49. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth fully herein.

50. Under the FAL, "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

51. As alleged herein, the advertisements, labeling, policies, acts, and practices of Kellogg relating to its marketing the Veggie Products as "VEGGIE" was and is likely to mislead consumers acting reasonably as to the nature of the predominant ingredient in the Veggie Products.

52. Plaintiff suffered injury in fact as a result of Kellogg's actions as set forth herein because Plaintiff purchased Veggie Products in reliance on Kellogg's false and misleading "VEGGIE" claims.

53. Kellogg's business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising pursuant to the FAL because Kellogg has advertised the Veggie Products in a manner that is untrue and misleading, which Kellogg knew or reasonably should have known.

54. Kellogg profited from its sales of the falsely and deceptively advertised Veggie Products to unwary consumers.

55. As a result, pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff and the Class are entitled to injunctive and equitable relief and restitution.

56. Because the Court has broad discretion to award restitution under the FAL and could, when assessing restitution under the FAL, apply a standard different than that applied to assessing damages under the CLRA or commercial code (for Plaintiff's breach of warranty claims), and because restitution is not limited to returning to Plaintiff and Class members monies in which they have an interest, but more broadly serves to deter the offender and others from future violations, the legal remedies available under the CLRA and commercial code are more limited than the equitable remedies available under the FAL, and are therefore inadequate.

## THIRD CAUSE OF ACTION

### Violations of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*

57. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth fully herein.

58. The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

59. The acts, omissions, misrepresentations, practices, and non-disclosures of Kellogg as alleged herein constitute business acts and practices.

### Fraudulent

60. A statement or practice is fraudulent under the UCL if it is likely to deceive the public, applying a reasonable consumer test.

61. As set forth herein, the Kellogg's "VEGGIE" labeling claims on the Veggie Products are likely to deceive reasonable consumers and the public.

### Unlawful

62. The acts alleged herein are "unlawful" under the UCL in that they violate at least the following laws:

   a.  The Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 *et seq*. (including 21 C.F.R. §§ 102.5(b) and 101.18(b));

   b.  The California Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code §§ 110100 *et seq*.;

   c.  The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq*.; and

   d.  The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq*.

63. Because Plaintiff's claims under the "unlawful" prong of the UCL sweep more broadly than her claims under the FAL, CLRA, or UCL's "fraudulent" prong, Plaintiff's legal remedies are inadequate to fully compensate Plaintiff for all of Kellogg's challenged behavior.

**Unfair**

64. Kellogg's conduct with respect to the manufacturing, labeling, advertising, and sale of the Veggie Products is unfair because Kellogg's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of its conduct, if any, does not outweigh the gravity of the harm to its victims.

65. Kellogg's conduct with respect to the manufacturing, labeling, advertising, and sale of the Veggie Products was also unfair because it violated public policy as declared by specific constitutional, statutory or regulatory provisions, including but not limited to the Federal Food, Drug, and Cosmetic Act, and the California False Advertising Law.

66. Kellogg's conduct with respect to the manufacturing, labeling, advertising, and sale of the Veggie Products was also unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided.

67. Because Plaintiff's claims under the "unfair" prong of the UCL sweep more broadly than her claims under the FAL, CLRA, or UCL's "fraudulent" prong, Plaintiff's legal remedies are inadequate to fully compensate Plaintiff for all of Kellogg's challenged behavior.

68. Kellogg profited from its sale of the falsely, deceptively, and unlawfully advertised Veggie Products to unwary consumers.

69. Plaintiff and other Class Members are likely to be damaged by Kellogg's deceptive trade practices, as Kellogg continues to disseminate, and is otherwise free to continue to disseminate false and misleading information. Thus, injunctive relief enjoining its deceptive practices is proper.

70. Kellogg's conduct caused and continues to cause substantial injury to Plaintiff and other Class members, who have suffered injury in fact as a result of Kellogg's fraudulent, unlawful, and unfair conduct.

71. In accordance with Bus. & Prof. Code § 17203, Plaintiff, on behalf of herself, the Class, and the general public, seeks an order enjoining Kellogg from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

72. Plaintiff, on behalf of herself and the Class also seeks an order for the restitution of all monies from the sale of the Veggie Products that Kellogg unjustly acquired through acts of unlawful competition.

73. Because Plaintiff's claims under the "unfair" prong of the UCL sweep more broadly than her claims under the FAL, CLRA, or UCL's "fraudulent" prong, Plaintiff's legal remedies are inadequate to fully compensate Plaintiff for all of Kellogg's challenged behavior.

## FOURTH CAUSE OF ACTION

### Breach of Express Warranty, Cal. Com. Code § 2313(1)

74. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

75. Through use of the "VEGGIE" statement on the Veggie Products' labels, Kellogg made affirmations of fact or promises, or description of goods, that, *inter alia*, the Veggie Products' predominant ingredient is vegetables, or at least vegetable-based. This representation was part of the basis of the bargain, in that Plaintiff and the Class purchased the Veggie Products in reasonable reliance on those statements. Cal. Com. Code § 2313(1).

76. Kellogg breached its express warranties by selling Veggie Products made predominantly from a grain- or oil-based ingredient.

77. That breach actually and proximately caused injury in the form of the lost purchase price, or some portion thereof, that Plaintiff and Class members paid for the Veggie Products.

78. Plaintiff gave Kellogg notice of the breach prior to filing the lawsuit, but Kellogg failed to remedy the breach.

79. As a result, Plaintiff seeks, on behalf of herself and the Class, actual damages arising as a result of Kellogg's breaches of express warranty, including without limitation, their expectation damages.

## FIFTH CAUSE OF ACTION

### Breach of Implied Warranty of Merchantability, Cal. Com. Code § 2314

80. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

81. Kellogg, through its acts set forth herein, in the sale, marketing, and promotion of the Veggie Products, made representations to Plaintiff and the Class that the predominant ingredient in the Veggie Products is vegetables, or at least vegetable-based.

82. Kellogg is a merchant with respect to the goods of this kind which were sold to Plaintiff and the Class, and there was, in the sale to Plaintiff and other consumers, an implied warranty that those goods were merchantable.

83. However, Kellogg breached that implied warranty in that the predominant or primary ingredient in the Veggie Products is not vegetables or vegetable-based.

84. As an actual and proximate result of Kellogg's conduct, Plaintiff and other Class members did not receive goods as impliedly warranted by Kellogg to be merchantable in that they did not conform to promises and affirmations made on the container or label of the goods.

85. Plaintiff gave Kellogg notice of the breach prior to filing the lawsuit, but Kellogg failed to remedy the breach.

86. Plaintiff and the Class have sustained damages as a proximate result of the foregoing breach of implied warranty in the amount of the Veggie Products' purchase prices, or some portion thereof.

## PRAYER FOR RELIEF

87. Wherefore, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against Kellogg as to each and every cause of action, and the following remedies:

   a. An Order declaring this action to be a proper class action, appointing Plaintiff as Class Representative, and appointing her undersigned counsel as Class Counsel;

   b. An Order requiring Kellogg to bear the cost of Class notice;

1       c.    An Order enjoining Kellogg from engaging in the unfair, unlawful, and deceptive business practices and false advertising complained of herein;

      d.    An Order compelling Kellogg to conduct a corrective advertising campaign;

      e.    An Order compelling Kellogg to recall and destroy all misleading and deceptive advertising materials and product labels;

      f.    An Order requiring Kellogg to disgorge all monies, revenues, and profits obtained by means of any wrongful act or practice;

      g.    An Order requiring Kellogg to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, plus pre-and post-judgment interest thereon;

      h.    An Order requiring Kellogg to pay all actual, statutory, compensatory, and punitive damages permitted under the causes of action alleged herein;

      i.    Pre- and post-judgment interest;

      j.    An award of attorneys' fees and costs; and

      k.    Any other and further relief that Court deems necessary, just, or proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: September 17, 2021            /s/ Paul K. Joseph

**FITZGERALD JOSEPH LLP**
JACK FITZGERALD
*jack@fitzgeraldjoseph.com*
PAUL K. JOSEPH
*paul@fitzgeraldjoseph.com*
MELANIE PERSINGER
*melanie@fitzgeraldjoseph.com*
TREVOR M. FLYNN
*trevor@fitzgeraldjoseph.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741

**JACKSON & FOSTER LLC**
SIDNEY W. JACKSON, III
*sid@jacksonfosterlaw.com*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CHRISTIAN HARBEN
*christian@jacksonfosterlaw.com*
75 St. Michael Street
Mobile, Alabama 36602
Phone: (251) 433-6699