# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# CIVIL MINUTES

| **Date:** January 19, 2022 | **Time:** 6 minutes 2:15 p.m. to 2:21 p.m. | **Judge:** WILLIAM H. ORRICK |
|---|---|---|
| **Case No.**: 21-cv-07211-WHO | **Case Name:** Kennard v. Kellogg Sales Company | |

**Attorneys for Plaintiff:**     Jack Fitzgerald and Paul K. Joseph

**Attorneys for Defendant:**   Kate T. Spelman and Alexander M. Smith

**Deputy Clerk:** Jean Davis          **Court Reporter:** Debra Pas

# MINUTE ORDER

Hearing on Motion to Dismiss conducted via videoconference. Argument of counsel heard.

The Court GRANTS the motion to dismiss with leave to amend. Plaintiff claims that the use of VEGGIE on defendant's products is false or misleading to reasonable consumers because it – standing alone – conveys that the products contain vegetables. As currently pleaded, that claim is simply not plausible. As the dictionary definition relied on by plaintiff demonstrates, (not to mention the dictionary definitions relied on by defendant), the term VEGGIE can be used to describe a vegetarian product *or* the presence of vegetables. There is no allegation that defendant's packaging or marketing otherwise conveyed the presence of vegetables in the product.

This is one of the rare cases where it is implausible at the pleading stage that a reasonable consumer would be deceived by the defendant's packaging or marketing; the case should be dismissed for that reason. See *Ebner v. Fresh, Inc*., 838 F.3d 958, 965 (9th Cir. 2016) (plaintiff must plead facts supporting "more than a mere possibility that [the challenged] label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.' . . . Rather, the reasonable consumer standard requires a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'"  (quoting *Lavie v. Procter & Gamble Co*., 105 Cal.App.4th 496 (2003)). Given plaintiff's failure to allege facts showing that reasonable consumers could be misled, her deceptive, misbranding, and breach of warranty claims also fail as a matter of law.

Plaintiff is given thirty (30) days to file an Amended Complaint that adds facts to support her allegation and shows why a significant portion of the general consuming public acting

reasonably could be misled into thinking the challenged products were made from vegetables as opposed to grains, legumes, and oil.

IT IS SO ORDERED.

Dated: January 20, 2022

William H. Orrick
United States District Judge