**FITZGERALD JOSEPH LLP**
JACK FITZGERALD (SBN 257370)
*jack@fitzgeraldjoseph.com*
PAUL K. JOSEPH (SBN 287057)
*paul@fitzgeraldjoseph.com*
MELANIE PERSINGER (SBN 275423)
*melanie@fitzgeraldjoseph.com*
TREVOR M. FLYNN (SBN 253362)
*trevor@fitzgeraldjoseph.com*
2341 Jefferson Street, Suite 200
San Diego, CA 92110
Phone: (619) 215-1741

**JACKSON & FOSTER LLC**
SIDNEY W. JACKSON, III (admitted *pro hac vice*)
*sid@jacksonfosterlaw.com*
CHRISTIAN HARBEN (admitted *pro hac vice*)
*christian@jacksonfosterlaw.com*
75 St. Michael Street
Mobile, Alabama 36602
Phone: (251) 433-6699

***Counsel for Plaintiff***

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA KENNARD, on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>KELLOGG SALES COMPANY,<br><br>Defendant. | Case No: 3:21-cv-07211-WHO<br><br><u>CLASS ACTION</u><br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**CAL. CIV. CODE §§ 1750 *ET SEQ.*;**<br><br>**CAL. BUS. & PROF. CODE §§17500 *ET SEQ.*;**<br><br>**CAL. BUS. & PROF. CODE §§17200 *ET SEQ.*; AND**<br><br>**FOR BREACH OF EXPRESS & IMPLIED WARRANTIES.**<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Angela Kennard, on behalf of herself, all others similarly situated, and the general public, by and through her undersigned counsel, brings this action against Kellogg Sales Company ("Kellogg"), and alleges the following upon her own personal knowledge or, where she lacks personal knowledge, upon information and belief, including the investigation of her counsel.

## SUMMARY OF CASE

1.      Kellogg is the manufacturer and seller of MorningStar Farms "VEGGIE" products, including different varieties of "VEGGIE BURGERS," "VEGGIE DOGS," "VEGGIE CHIK'N," "VEGGITIZERS," and "VEGGIE BREAKFAST" (the "Veggie Products").

2.      Kellogg prominently represents that the Veggie Products are "VEGGIE." As demonstrated by consumer survey evidence, and the customary usage by Kellogg itself, retailers, and restaurants, reasonable consumers interpret "Veggie" on the Veggie Products to mean they are made of primarily of vegetables.

3.      Kellogg's "VEGGIE" representations, however, are false or at least highly misleading because ingredients in the Veggie Products are not primarily vegetables. Instead they are primarily cheaper, non-vegetable ingredients like wheat gluten, oil, and corn syrup solids.

4.      Ms. Kennard brings this action to enjoin Kellogg from continuing to falsely advertise the Veggie Products in this manner, and to recover restitution and damages for herself and other purchasers.

## JURISDICTION & VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act, because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, and at least one member of the class of plaintiffs is a citizen of a state different from Kellogg. In addition, more than two-thirds of the members of the class reside in states other than the state in which Kellogg is a citizen and in which this case is filed, and therefore any exceptions to jurisdiction under 28 U.S.C. § 1332(d) do not apply.

6.      The Court has personal jurisdiction over Kellogg pursuant to Cal. Code Civ. P. § 410.10, as a result of Kellogg's substantial, continuous and systematic contacts with the state and because Kellogg has purposely availed itself of the benefits and privileges of conducting business activities within the state.

7.     Venue is proper in this Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c), because Kellogg resides (*i.e.*, is subject to personal jurisdiction) in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## INTRADISTRICT ASSIGNMENT

8.     This civil action arises out of acts and omissions of Kellogg that occurred in San Francisco County. Accordingly, pursuant to Civil Local Rule 3-2(c), (d), this action is correctly assigned to either the San Francisco or Oakland Division.

## PARTIES

9.     Plaintiff Angela Kennard is a resident of San Francisco, California.

10.    Defendant Kellogg Sales Company is a Delaware corporation with its principal place of business in Battle Creek, Michigan.

## FACTS

### I.     The MorningStar Farms "Veggie" Products

11.    Kellogg manufactures, markets, and sells the following MorningStar brand Veggie Products, which are the subject of this lawsuit:

MorningStar Farms Veggie Burgers:

- Grillers Prime Burgers
- Grillers Originals
- Meat Lovers
- Cheezeburger

MorningStar Farms Veggie Dogs:

- Corn Dogs
- Veggie Dogs

MorningStar Farms Veggie Chik'n:

- Chik'n Nuggets
- BBQ Chik'n Nuggets
- Zesty Ranch Chik'n Nuggets
- Sweet Mustard Chik'n Nugget
- Original Chik Patties
- Buffalo Chik Patties

MorningStar Farms Veggie Breakfast:

- Bacon Strips
- Original Sausage Patties
- Sausage, Egg, & Cheese

- Sausage Links
- Hot & Spicy Sausage Patties
- Maple Flavored Sausage Patties

MorningStar Farms Veggitizers:

- Buffalo Wings
- Parmesan Garlic Wings
- Popcorn Chik'n
- Chorizo Nacho Bites
- Spicy Popcorn Chik'n.

12.     The packaging of each Veggie Product prominently claims it is "VEGGIE," in a colorful banner across the front of the package, as shown in the examples below.

  

13.     Contrary to their name and marketing, however—and discounting water—none of the Veggie Products are primarily made of vegetables,[1] but rather they are all primarily made from other cheaper, plant-based ingredients including wheat gluten, oil, and corn syrup solids—none of which are vegetables.[2]

---

[1] According to the USDA, "[b]ased on their nutrient content, vegetables are organized into 5 subgroups: dark green; red and orange; beans, peas, and lentils; starchy; and other vegetables." *See* U.S. Department of Agriculture, MyPlate, Vegetables, *available at* https://www.myplate.gov/eat-healthy/vegetables.

[2] According to the USDA, "[a]ny food made from wheat, rice, oats, cornmeal, barley, or another cereal grain is a grain product." *See* U.S. Department of Agriculture, MyPlate, Grains, *available at* https://www.myplate.gov/eat-healthy/grains. Thus, wheat gluten is a grain, not a vegetable. According to the USDA, oils do not qualify as vegetables because "[o]ils are **not** a food group," U.S. Department of Agriculture, MyPlate, More Key Topics (emphasis in original), *available at* https://www.myplate.gov/eat-healthy/more-key-topics. Likewise, "corn syrup solids" is a dry version of corn-syrup—which is a glucose-based sweetener and does not constitute a vegetable or a vegetable product because it is actually sugar.

14.     For example, the first three ingredients in Kellogg's MorningStar Farms' "VEGGIE DOGS" are "[w]ater, wheat gluten, [and] corn syrup solids"; the product "[c]ontains 2% or less of" various other ingredients, only some of which are vegetable-based (like "hydrolyzed vegetable protein").



## II.     Consumers Understand Meat-Substitute Products that are Described as "Veggie" to be Primarily Made of Vegetables

15.     Over the last decade, as many consumers have reduced or ceased their meat consumption, food manufacturers have introduced a variety of plant-based, meat-alternative products to the market, which can be made from a variety of primary ingredients.

16.     Because consumers prefer certain meat-substitutes over others, based on the primary ingredients they are made from, manufacturers of these foods typically call out the primary ingredients to differentiate their products and help consumers distinguish and choose among different options.

17.     Consumers understand ingredient "call-outs" in product names for meat-alternatives to signal the primary ingredients from which the products are made.

18.     As demonstrated by a consumer perception survey, for example, California consumers that are interested in purchasing meat-alternative products are misled by the MorningStar Veggie Products' "VEGGIE" labeling to believe they are primarily made of vegetables rather than other non-vegetable plant-based ingredients. *See generally*, Ex. A, Declaration of Chris Denove.

19.     More specifically, Plaintiff commissioned "consumer perception surveys to determine what type of ingredients reasonable consumers believe certain MorningStar Farms products are primarily made." *See* Ex. A, at 3.

20.     The survey was designed and executed by Mr. Chris Denove, "the founder and President of Trial Survey Group," who has decades of experience designing quantitative surveys. *See id.* at 1-3.

21.     The survey sample consisted of Californians between the ages of 18 to 79 and who indicated they "had purchased (or seriously considered purchasing) a meat-substitute product in the past 12 months." *Id.* at 4.

22.     The survey included a Veggie Burger questionnaire and a Veggitizers questionnaire, only one of which was shown to a given respondent. These questionnaires were the "the same other than: 1) the image of the package, and 2) the name of the product." *Id.* at 3. These questionnaires were designed in accordance with accepted survey design principles to ensure reliability. *See id.* at 5-6.

23.     Respondents who qualified and were assigned to the Veggitizers questionnaire, for example, were shown the Veggitizers' packaging and "provided an explanation of the response choices ahead of questionnaire to reduce ambiguity," *id.* at 5. The introduction or orientation for respondents can be seen below. *See also id.*, Ex. 4 (Survey Screenshots).



For this survey, we want to get your thoughts about the ingredients you expect would be used in the following packaged food item offered by Morning Star Farms. The responses you give are very important to us. Therefore, if you don't know an answer to a question or if you don't have an opinion, please mark the last choice indicating that you don't have an opinion.

Morning Star markets these Veggitizers as a meat-substitute product. As a consumer, we want to know what type of ingredients you expect this product to be made of.

The following are two categories of meat-substitute ingredients.
- "**Vegetable-based**," which would include ingredients made of actual vegetables such as carrots, cauliflower, or potatoes.
- "**Other Plant-based**," which would include ingredients made of other non-vegetables such as grains or oils.

24.     Next, respondents were asked what best describes the type of ingredients they expect the product was made of.



25.     The results of the survey show that "[t]he majority of likely MorningStar Farms consumers in each survey believe that the MorningStar Farms products are primarily or entirely made of vegetables rather than other plant-based ingredients." In fact, of the over 100 respondents to each questionnaire, over 80 percent were misled to believe the products are primarily or entirely made of vegetables.



Consumer Perception Survey Results

26.     The Veggie Products' labeling therefore conveys to reasonable consumers that those products are primarily made of vegetables other than cheaper plant-based ingredients like wheat gluten, oils, and corn syrup solids.

**III.    "Veggie" as it Relates to the MorningStar Farms Veggie Products is Commonly Used to Mean Vegetables—Not Vegetarian**

**A.    Kellogg Uses the Term "Veggie" in Regard to the Veggie Products to Mean Vegetables**

27.     For decades, the Kellogg has used the term "Veggie" in regard to the Veggie Products to mean vegetables.

United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

**Trademarks** > **Trademark Electronic Search System (TESS)**

TESS was last updated on Tue Jan 18 03:47:22 EST 2022

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At: [          ] OR   Jump   to record: [          ]   **Record 32 out of 32**

| TSDR | ASSIGN Status | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*

# Typed Drawing

| | |
|---|---|
| Word Mark | GRILLERS |
| Goods and Services | IC 030. US 046. G & S: TEXTURED VEGETABLE PROTEIN FOOD PATTIES. FIRST USE: 19760908. FIRST USE IN COMMERCE: 19760908 |
| Mark Drawing Code | (1) TYPED DRAWING |
| Serial Number | 73104235 |
| Filing Date | October 26, 1976 |
| Current Basis | 1A |
| Original Filing Basis | 1A |
| Registration Number | 1066346 |
| Registration Date | May 24, 1977 |
| Owner | (REGISTRANT) MILES LABORATORIES, INC. CORPORATION INDIANA 1127 MYRTLE ST. ELKHART INDIANA 46514 |
| | (LAST LISTED OWNER) KELLOGG NORTH AMERICA COMPANY CORPORATION DELAWARE ONE KELLOGG SQUARE P.O. BOX 3599 BATTLE CREEK MICHIGAN 490163599 |
| Assignment Recorded | ASSIGNMENT RECORDED |
| Attorney of Record | Julie E. Reitz |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Affidavit Text | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20170505. |
| Renewal | 3RD RENEWAL 20170505 |
| Live/Dead Indicator | LIVE |

29.    Similarly, on April 5, 2004, Kellogg registered with the U.S. Patent and Trademark Office the trademark "GRILLERS PRIME." As seen in the excerpt below, it described the Grillers Prime as "Textured vegetable protein food patties." *See also* Ex. C. Kellogg has renewed this trademark, which remains live, as recently as March 11, 2013. *See id.*



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

**Trademarks > Trademark Electronic Search System (TESS)**

*TESS was last updated on Tue Jan 18 03:47:22 EST 2022*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [        ] OR  Jump  to record: [        ]  **Record 20 out of 32**

| TSDR | ASSIGN Status | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*

## GRILLERS PRIME

**Word Mark**        **GRILLERS PRIME**
**Goods and Services**  IC 029. US 046. G & S: Textured **vegetable** protein food patties. FIRST USE: 20010101. FIRST USE IN COMMERCE: 20010101

9

1    30.    On October 14, 2006, Kellogg registered with the U.S. Patent and Trademark Office the

2  trademark "AMERICA'S ORIGINAL VEGGIE BURGER." As seen below, Kellogg described them as

3  "veggie food products namely, vegetable based meat [ and fish ] substitutes; textured vegetable protein;

4  frozen packaged entrees consisting of vegetable based patties." *See* Ex. D.



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

**Trademarks** > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Tue Jan 18 03:47:22 EST 2022*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [          ]  OR  Jump  to record: [          ]   **Record 28 out of 32**

TSDR   ASSIGN Status   TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

AMERICA'S ORIGINAL VEGGIE BURGER

| **Word Mark** | AMERICA'S ORIGINAL **VEGGIE** BURGER |
| **Goods and Services** | IC 029. US 046. G & S: **veggie** food products namely, **vegetable** based meat [ and fish ] substitutes; textured **vegetable** protein; frozen packaged entrees consisting of **vegetable** based patties. FIRST USE: 19950600. FIRST USE IN COMMERCE: 19950600. |

31.     On the same day, October 14, 2006, Kellogg registered with the U.S. Patent and Trademark Office the trademark "AMERICA'S ORIGINAL VEGGIE DOGS." As seen below, it described the "good" as "Veggie food products namely, vegetable based meat and fish substitutes; textured vegetable protein; frozen packaged entrees consisting of vegetable based links." *See also* Ex. E.



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

**Trademarks** > **Trademark Electronic Search System (TESS)**

TESS was last updated on Tue Jan 18 03:47:22 EST 2022

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At: [_____] OR Jump to record: [_____]   **Record 30 out of 32**

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

AMERICA'S ORIGINAL VEGGIE DOGS

| | |
|---|---|
| Word Mark | AMERICA'S ORIGINAL **VEGGIE** DOGS |
| Goods and Services | (CANCELLED) IC 029. US 046. G & S: **veggie** food products namely, **vegetable** based meat and fish substitutes; textured **vegetable** protein; frozen packaged entrees consisting of **vegetable** based links. FIRST USE: 19980215. FIRST USE IN COMMERCE: 19980215 |
| Standard Characters Claimed | |
| Mark Drawing Code | (4) STANDARD CHARACTER MARK |
| Trademark Search Facility Classification Code | NOTATION-SYMBOLS Notation Symbols such as Non-Latin characters,punctuation and mathematical signs,zodiac signs,prescription marks |
| Serial Number | 77021280 |
| Filing Date | October 14, 2006 |

32.     On the September 25, 2018, Kellogg registered with the U.S. Patent and Trademark Office the trademark "VEGGITIZERS." As seen below, it described Veggitizers as "Vegetable-based meat substitutes; meat substitutes; vegetable-based snack foods; preserved, processed, dried, frozen and cooked vegetables; snack foods consisting primarily of meat substitutes." *See also* Ex. F.

 United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

**Trademarks** > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Wed Jan 19 03:32:22 EST 2022*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout   Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*

# VEGGITIZERS

**Word Mark**      **VEGGITIZERS**

**Goods and Services**      IC 029. US 046. G & S: Vegetable-based meat substitutes; meat substitutes; vegetable-based snack foods; preserved, processed, dried, frozen and cooked vegetables; snack foods consisting primarily of meat substitutes. FIRST USE: 20200515. FIRST USE IN COMMERCE: 20200515

33.     In a variety of other contexts, Kellogg describes the Veggie Products in a manner demonstrating it is using the term "veggie" to mean vegetables rather than simply vegetarian. For example, on previous versions of the MorningStar Farms' website, Kellogg described MorningStar Farms as "the nation's leading veggie food brand. Made with sun-ripened ***vegetable goodness*** and expertly seasoned. MorningStar Farms offers the widest selection of full flavored veggie foods available."[3] (emphasis added).

 *MorningStar Farms® is the nation's leading veggie food brand. Made with sun-ripened vegetable goodness and expertly seasoned. Morningstar Farms offers the widest selection of full flavored veggie foods available.*

---

[3] Captured using the internet archive known as the "way back machine" from June 7, 2000.

34.    At one point in time, the first ingredient in previous versions of the MorningStar Chik'n Nuggets was "Soy Protein Concentrate." In recent years, however, Kellogg has altered the recipe for the veggie Chik'n Nuggets where, now, the first ingredient is wheat flour, a grain-based ingredient and the product is not primarily made of vegetables.

35.    Likewise, Kellogg's advertisements for the Veggie Products demonstrate it uses the term "Veggies" to mean vegetables rather than vegetarian. For example, in the ad seen below, Kellogg used the phrase "veggies look good with grill marks" with a consumer grilling MorningStar Farms Veggie Burgers next to skewered vegetables. A reasonable consumer would interpret Kellogg to mean vegetables look good with grill marks rather than vegetarians look good with grill marks.



**B.      Retailers Interpret and Use the Term Veggie as it Relates to the MorningStar Products to Mean Vegetables**

36.      Retailers of MorningStar Farms products also understand that "veggie" refers to the vegetable content of food products. One such retailer, BJ's Wholesale Club, which sells MorningStar Farms products Veggie Chik'n Nuggets, describes the products as "Vegetable Nuggets" under the product specifications. *See* Ex. G.



| Includes | Three 10.5-oz. Boxes of Vegetable Nuggets |
|---|---|

**C.      Retailers Interpret the Term Veggie as it Relates to the MorningStar Products to Mean Made of Vegetables**

37.      Even restaurants, such as Norms in southern California, refer to the MorningStar Farms veggie burger as a "vegetable patty." *See* Ex. H.

## BURGERS

FRESH GROUND, 100% BEEF CHUCK HAMBURGERS. LETTUCE, TOMATO, PICKLES, RED ONION & NORMS SPECIAL SAUCE ON YOUR CHOICE OF TOASTED WHOLE WHEAT *250 CAL*, BRIOCHE *190 CAL* OR SESAME SEED BUN *220 CAL*

INCLUDES YOUR CHOICE OF FRENCH FRIES, ONION RINGS OR FRESH FRUIT! *35-470 CAL*

SUBSTITUTE A JENNIE-O® TURKEY BURGER 650 CAL, MORNINGSTAR FARMS® VEGETABLE PATTY 490 CAL OR GRILLED CHICKEN BREAST 430 CAL ON ANY BURGER FOR NO CHARGE!

38. In short, Kellogg itself, retailers, and restaurants all use the term "Veggie" as it relates to the MorningStar Veggie Products to mean made of vegetables.

39. Because the primary ingredients in each of the Veggie Products are not vegetables but rather things like grain and oil, Kellogg's representation that the Veggie Products are "VEGGIE" is false or at least highly misleading to the reasonable consumer.

**IV. The Veggie Products' Misleading Labeling Violates California & Federal Food Labeling Laws**

40. The Veggie Products' "VEGGIE" labeling violates both federal food labeling laws, and California Health and Safety Code §§109875, *et. seq.* (the "Sherman Law"), which has expressly adopted the federal food labeling requirements as its own. *See*, *e.g.*, *id.* §§ 110100, 110660.

41. First, the challenged "VEGGIE" claims are false and misleading for the reasons described herein, in violation of 21 U.S.C. § 343(a), which deems misbranded any food whose "label is false or misleading in any particular."

42. Second, "[t]he labeling of a food which contains two or more ingredients may be misleading by reason (among other reasons) of the designation of such food in such labeling by a name which includes or suggests the name of one or more but not all such ingredients, even though the names of all such ingredients are stated elsewhere in the labeling." 21 C.F.R. § 101.18(b). Kellogg violates this provision in that it designates the Products as "VEGGIE," i.e., vegetable, despite that they are primarily composed of non-vegetable ingredients, like wheat gluten and oil.

43. Third, Kellogg violates 21 C.F.R. § 102.5(b) by using product names that include the term "VEGGIE" while failing to disclose the percentage of vegetables in the products, which have a material bearing on the price and consumer acceptance of the Veggie Products. Specifically, 21 C.F.R. § 102.5(b) requires that a food product's name "include the percentage(s) of any characterizing ingredient(s) or component(s) when the proportion of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance or when the labeling or the appearance of the food may otherwise create an erroneous impression that such ingredient(s) or component(s) is present in an amount greater than is actually the case." 21 C.F.R. § 102.5(b). Kellogg violates 21 C.F.R. § 102.5(b) by failing to include the percentage of vegetables in the Veggie Products because its use of "VEGGIE" in the product names gives the erroneous impression that vegetables are present in an amount greater than is actually the case.

**PLAINTIFF'S PURCHASE, RELIANCE, AND INJURY**

44.     During the Class Period, Plaintiff Angela Kennard purchased various Veggie Products, including Morningstar Veggie Burger Products, Veggie Breakfast Products, and Veggie Chik'n Products, from local stores, including Trader Joe's locations in San Francisco.

45.     In purchasing the Veggie Products, Plaintiff read and relied on Kellogg's description of the Products as "VEGGIE." Those representations, however, were false or at least highly misleading, and had the capacity, tendency, and likelihood to confuse or confound Plaintiff and other consumers acting reasonably because, as described herein, the Veggie Products are not primarily made of vegetables or vegetable-based, but rather primarily grain- or oil-based.

46.     The Veggie Products cost more than similar products without misleading labeling, and would have cost less absent the false and misleading statements complained of herein.

47.     Absent the false and misleading labeling complained of herein, Plaintiff and other Class members would only have been willing to pay less for the Veggie Products or would not have purchased them at all.

48.     By use of its misleading labeling, Kellogg created increased marketplace demand for the Veggie Products, and increased its market share relative to what its demand and share would have been had Kellogg labeled the Veggie Products truthfully.

49.     Plaintiff and other Class members lost money as a result of Kellogg's deceptive claims and practices in that they did not receive what they paid for when purchasing the Veggie Products. Plaintiff and other Class members detrimentally altered their position and suffered damages in the amount they overpaid for the Veggie Products.

50.     Plaintiff remains in the market for, and interested in purchasing, vegetable-based meat-alternative products, and continues to regularly shop at stores where the Veggie Products are sold.

51.     Plaintiff would purchase the Veggie Products in the future if she could trust that the "VEGGIE" claims were true and not false or misleading; but, absent an injunction, Plaintiff will be unable to trust the representations on the Veggie Products when she encounters them in the marketplace.

52.     If Plaintiff could be assured through prospective injunctive relief that the Veggie Products were properly labeled, such that she could rely on similar representations in the future, she would purchase Veggie Products in the future.

53.     The continued use of "VEGGIE" on the Veggie Products' labeling also threatens to repeatedly infringe upon the substantive right California's consumer protection statutes give Plaintiff to be free from fraud in the marketplace.

54.     Plaintiff's legal remedies are inadequate to prevent these future injuries.

## CLASS ACTION ALLEGATIONS

55.     While reserving the right to redefine or amend the class definition prior to or as part of a motion seeking class certification, pursuant to Federal Rule of Civil Procedure 23, Plaintiff seeks to represent a class of all persons who, at any time from four years preceding the date of the filing of this Complaint to the time a class is notified (the "Class Period"), purchased in California, for personal or household use, and not for resale or distribution, any of the Veggie Products, (the "Class").

56.     The members in the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all Class members in a single action will provide substantial benefits to the parties and Court.

57.     Questions of law and fact common to Plaintiff and the Class include:

a.      Whether labeling the Veggie Products as "VEGGIE" is material;

b.      Whether labeling the Veggie Products as "VEGGIE" is false or misleading to the reasonable consumer;

c.      Whether labeling the Veggie Products as "VEGGIE" violates public policy;

d.      Whether labeling the Veggie Products as "VEGGIE" violates state or federal food statutes or regulations;

e.      The proper amount of damages, including punitive damages;

f.      The proper amount of restitution;

g.      The proper scope of injunctive relief; and

h.      The proper amount of attorneys' fees.

58.     These common questions of law and fact predominate over questions that affect only individual Class members.

59.     Plaintiff's claims are typical of Class members' claims because they are based on the same underlying facts, events, and circumstances relating to Kellogg's conduct. Specifically, all Class members, including Plaintiff, were subjected to the same misleading and deceptive conduct when they purchased the Veggie Products, and suffered economic injury because they paid more for the Veggie Products that were misrepresented in the same manner. Absent Kellogg's practice of deceptively and unlawfully labeling the Veggie Products as "VEGGIE," Plaintiff and other Class members would have paid less for the Veggie Products.

60.     Plaintiff will fairly and adequately represent and protect the interests of the Class, has no interests incompatible with the interests of the Class, and has retained counsel competent and experienced in class action litigation, and specifically in litigation involving false and misleading advertising of food products.

61.     Class treatment is superior to other options for resolution of the controversy because the relief sought for each Class member is small, such that, absent representative litigation, it would be infeasible for Class members to redress the wrongs done to them.

62.     Kellogg has acted on grounds applicable to the Class, thereby making appropriate final injunctive and declaratory relief concerning the Class as a whole.

63.     As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3). In addition, it may be appropriate, pursuant to Fed. R. Civ. P. 23(c)(4), to maintain this action as a class action with respect to particular issues.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Violations of the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.***

64.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth fully herein.

65.     The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

66.     Kellogg's false and misleading labeling and other policies, acts, and practices described herein were designed to, and did, induce the purchase and use of Kellogg's Veggie Products for personal, family, or household purposes by Plaintiff and other Class members, and violated and continue to violate at least the following sections of the CLRA:

  a.     § 1770(a)(5): Representing that goods or services have characteristics, ingredients, uses, benefits, or quantities which they do not have;

  b.     § 1770(a)(7): Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

  c.     § 1770(a)(9): Advertising goods with intent not to sell them as advertised; and

  d.     § 1770(a)(16): Representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

67.     Kellogg profited from its sales of the falsely, deceptively, and unlawfully advertised Veggie Products to unwary consumers.

68.     Kellogg's wrongful business practices regarding the Veggie Products constituted, and constitute, a continuing course of conduct in violation of the CLRA.

69.     In compliance with Cal. Civ. Code § 1782, Plaintiff sent written notice to Kellogg of her claims, but Kellogg failed, after 30 days, to satisfy Plaintiff's demand or to rectify the behavior. Accordingly, Plaintiff, on behalf of herself and the Class, seeks injunctive relief, restitution, statutory damages, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

70.     In compliance with Cal. Civ. Code § 1782(d), an affidavit of venue was filed concurrently with the original complaint.

71.     Because these claims are subject to a three-year statute of limitations, while Plaintiff's claims for restitution under the UCL are subject to a four-year statute of limitations, and because Plaintiff's claims under the UCL's "unfair" and "unlawful" prongs are subject to different elements and standards, Plaintiff's legal remedies under the CLRA are inadequate to fully compensate Plaintiff and other Class Members for all of Kellogg's challenged behavior.

**SECOND CAUSE OF ACTION**

**Violations of the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.***

72.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth fully herein.

73.     Under the FAL, "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

74.     As alleged herein, the advertisements, labeling, policies, acts, and practices of Kellogg relating to its marketing the Veggie Products as "VEGGIE" was and is likely to mislead consumers acting reasonably as to the nature of the predominant ingredients in the Veggie Products.

75.     Plaintiff suffered injury in fact as a result of Kellogg's actions as set forth herein because Plaintiff purchased Veggie Products in reliance on Kellogg's false and misleading "VEGGIE" claims.

76.     Kellogg's business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising pursuant to the FAL because Kellogg has advertised the Veggie Products in a manner that is untrue and misleading, which Kellogg knew or reasonably should have known.

77.     Kellogg profited from its sales of the falsely and deceptively advertised Veggie Products to unwary consumers.

78.     As a result, pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff and the Class are entitled to injunctive and equitable relief and restitution.

79.     Because the Court has broad discretion to award restitution under the FAL and could, when assessing restitution under the FAL, apply a standard different than that applied to assessing damages under the CLRA or commercial code (for Plaintiff's breach of warranty claims), and because restitution is not limited to returning to Plaintiff and Class members monies in which they have an interest, but more broadly serves to deter the offender and others from future violations, the legal remedies available under the CLRA and commercial code are more limited than the equitable remedies available under the FAL, and are therefore inadequate.

**THIRD CAUSE OF ACTION**

**Violations of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.***

80.   Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth fully herein.

81.   The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

82.   The acts, omissions, misrepresentations, practices, and non-disclosures of Kellogg as alleged herein constitute business acts and practices.

**Fraudulent**

83.   A statement or practice is fraudulent under the UCL if it is likely to deceive the public, applying a reasonable consumer test.

84.   As set forth herein, the "VEGGIE" labeling claims on the Veggie Products are likely to deceive reasonable consumers and the public.

**Unlawful**

85.   The acts alleged herein are "unlawful" under the UCL in that they violate at least the following laws:

   a.   The Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.* (including 21 C.F.R. §§ 102.5(b) and 101.18(b));

   b.   The California Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code §§ 110100 *et seq.*;

   c.   The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*; and

   d.   The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*

86.   Because Plaintiff's claims under the "unlawful" prong of the UCL sweep more broadly than her claims under the FAL, CLRA, or UCL's "fraudulent" prong, Plaintiff's legal remedies are inadequate to fully compensate Plaintiff for all of Kellogg's challenged behavior.

**Unfair**

87.   Kellogg's conduct with respect to the manufacturing, labeling, advertising, and sale of the Veggie Products is unfair because Kellogg's conduct was immoral, unethical, unscrupulous, or substantially

21

injurious to consumers, and the utility of its conduct, if any, does not outweigh the gravity of the harm to its victims.

88.     Kellogg's conduct with respect to the manufacturing, labeling, advertising, and sale of the Veggie Products was also unfair because it violated public policy as declared by specific constitutional, statutory or regulatory provisions, including but not limited to the Federal Food, Drug, and Cosmetic Act, and the California False Advertising Law.

89.     Kellogg's conduct with respect to the manufacturing, labeling, advertising, and sale of the Veggie Products was also unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided.

90.     Because Plaintiff's claims under the "unfair" prong of the UCL sweep more broadly than her claims under the FAL, CLRA, or UCL's "fraudulent" prong, Plaintiff's legal remedies are inadequate to fully compensate Plaintiff for all of Kellogg's challenged behavior.

91.     Kellogg profited from its sale of the falsely, deceptively, and unlawfully advertised Veggie Products to unwary consumers.

92.     Plaintiff and other Class Members are likely to be damaged by Kellogg's deceptive trade practices, as Kellogg continues to disseminate, and is otherwise free to continue to disseminate, false and misleading information. Thus, injunctive relief enjoining its deceptive practices is proper.

93.     Kellogg's conduct caused and continues to cause substantial injury to Plaintiff and other Class members, who have suffered injury in fact as a result of Kellogg's fraudulent, unlawful, and unfair conduct.

94.     In accordance with Bus. & Prof. Code § 17203, Plaintiff, on behalf of herself, the Class, and the general public, seeks an order enjoining Kellogg from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

95.     Plaintiff, on behalf of herself and the Class, also seeks an order for the restitution of all monies from the sale of the Veggie Products that Kellogg unjustly acquired through acts of unlawful competition.

96.     Because Plaintiff's claims under the "unfair" prong of the UCL sweep more broadly than her claims under the FAL, CLRA, or UCL's "fraudulent" prong, Plaintiff's legal remedies are inadequate to fully compensate Plaintiff for all of Kellogg's challenged behavior.

**FOURTH CAUSE OF ACTION**

**Breach of Express Warranty, Cal. Com. Code § 2313(1)**

97.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

98.     Through use of the "VEGGIE" statement on the Veggie Products' labels, Kellogg made affirmations of fact or promises, or descriptions of goods, that, *inter alia*, the Veggie Products' predominant ingredients are vegetables, or at least vegetable-based. This representation was part of the basis of the bargain, in that Plaintiff and the Class purchased the Veggie Products in reasonable reliance on those statements. Cal. Com. Code § 2313(1).

99.     Kellogg breached its express warranties by selling Veggie Products made predominantly from a grain- or oil-based ingredients.

100.    That breach actually and proximately caused injury in the form of the lost purchase price, or some portion thereof, that Plaintiff and Class members paid for the Veggie Products.

101.    Plaintiff gave Kellogg notice of the breach prior to filing the lawsuit, but Kellogg failed to remedy the breach.

102.    As a result, Plaintiff seeks, on behalf of herself and the Class, actual damages arising as a result of Kellogg's breaches of express warranties, including without limitation, their expectation damages.

**FIFTH CAUSE OF ACTION**

**Breach of Implied Warranty of Merchantability, Cal. Com. Code § 2314**

103.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

104.    Kellogg, through its acts set forth herein, in the sale, marketing, and promotion of the Veggie Products, made representations to Plaintiff and the Class that the primary ingredients in the Veggie Products are vegetables.

105.    Kellogg is a merchant with respect to the goods of this kind which were sold to Plaintiff and the Class, and there was, in the sale to Plaintiff and other consumers, an implied warranty that those goods were merchantable.

106.    However, Kellogg breached that implied warranty in that the primary ingredients in the Veggie Products is not vegetables or vegetable-based.

107.    As an actual and proximate result of Kellogg's conduct, Plaintiff and other Class members did not receive goods as impliedly warranted by Kellogg to be merchantable in that they did not conform to promises and affirmations made on the container or label of the goods.

108.    Plaintiff gave Kellogg notice of the breach prior to filing the lawsuit, but Kellogg failed to remedy the breach.

109.    Plaintiff and the Class have sustained damages as a proximate result of the foregoing breach of implied warranty in the amount of the Veggie Products' purchase prices, or some portion thereof.

## **PRAYER FOR RELIEF**

110.    Wherefore, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against Kellogg as to each and every cause of action, and the following remedies:

    a.    An Order declaring this action to be a proper class action, appointing Plaintiff as Class Representative, and appointing her undersigned counsel as Class Counsel;

    b.    An Order requiring Kellogg to bear the cost of Class notice;

    c.    An Order enjoining Kellogg from engaging in the unfair, unlawful, and deceptive business practices and false advertising complained of herein;

    d.    An Order compelling Kellogg to conduct a corrective advertising campaign;

    e.    An Order compelling Kellogg to recall and destroy all misleading and deceptive advertising materials and product labels;

    f.    An Order requiring Kellogg to disgorge all monies, revenues, and profits obtained by means of any wrongful act or practice;

    g.    An Order requiring Kellogg to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, plus pre-and post-judgment interest thereon;

    h.    An Order requiring Kellogg to pay all actual, statutory, compensatory, and punitive damages permitted under the causes of action alleged herein;

    i.    Pre- and post-judgment interest;

j.     An award of attorneys' fees and costs; and

k.     Any other and further relief that Court deems necessary, just, or proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: March 21, 2022

/s/ Paul K. Joseph

**FITZGERALD JOSEPH LLP**
JACK FITZGERALD
*jack@fitzgeraldjoseph.com*
PAUL K. JOSEPH
*paul@fitzgeraldjoseph.com*
MELANIE PERSINGER
*melanie@fitzgeraldjoseph.com*
TREVOR M. FLYNN
*trevor@fitzgeraldjoseph.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741

**JACKSON & FOSTER LLC**
SIDNEY W. JACKSON, III
*sid@jacksonfosterlaw.com*
CHRISTIAN HARBEN
*christian@jacksonfosterlaw.com*
75 St. Michael Street
Mobile, Alabama 36602
Phone: (251) 433-6699

*Kennard v. Kellogg Sales Company*, 3:21-cv-07211-WHO
FIRST AMENDED COMPLAINT